UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELVIN TAYLOR,<br><br>                    Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br>FEDERAL BUREAU OF INVESTIGATION,<br>and ROBERT ANDREWS,<br><br>                    Defendants, | Case No. 1:22-cv-5274<br><br>JURY TRIAL DEMANDED |

1. Plaintiff, complaining of the Defendants, brings this Complaint against the Defendants under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346(b).

2. Plaintiff has exhausted his administrative claim by filing the required forms with the Defendant and having said claims denied.

## JURISDICTION

3. This Court has Jurisdiction under 28 U.S.C. 1331 in that this action arises under the laws of the United States and is premised on the acts and omissions of the Defendant acting under color of federal law. Further, this Court has jurisdiction over this matter under 28 U.S.C. 1346(b) in that this claim is against the Defendant United States, for monetary damages for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office of employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

4. Jurisdiction founded upon federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (FTCA"), 28 U.S.C. 2671, *et seq*.

## EXHAUSTION

5. On or about May 27, 2021 Plaintiff submitted an administrative tort claim to the Federal Bureau Of Investigation ("FBI") under 28 U.S.C. 2675(a), requesting monetary damages.

6. By letter dated March 24, 2022, the FBI offered twelve thousand dollars ($12,000) to settle this claim. Pursuant to 28 C.F.R(a) Plaintiff was dissatisfied with this offer and, therefore, it is considered a final denial of Plaintiff's claim.

7. Therefore, this action is timely under 28 U.S.C. 2401(b), in that it was presented to the appropriate federal agency within two (2) years of accrual and that this action was filed within six (6) months of receipt of the certified letter sent by the FBI denying the claim. Plaintiff has exhausted all available administrative remedies and is filing this complaint in accordance with the FTCA.

## VENUE

8. Venue is proper in this district under 28 U.S.C. 1391(b) and 1391(e) because the United States is the Defendant and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. *See* 32 C.F.R. 750.32(1).

## PARTIES

9. Plaintiff is a resident of the State of New York, County of Kings.

10. Defendant United States of America is subject to suit for personal injury caused by the negligent and wrongful acts or omissions of its employees or agents. Those employees or agents were acting within the scope of their office or employment where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of New York. *See* 28 U.S.C. 1346(b).

11. At all relevant times, Defendant United States of America acted through its agency, the FBI.

12. Defendant FBI is a law enforcement agency charged with the enforcement of federal laws.

13. Defendant Robert Andrews is an employee of the FBI with addresses at 26 Federal Plaza New, York, NY.

## FACTS

14. On June 21, 2019, Plaintiff was lawfully operating a motor vehicle bearing New York State Registration Number: BB1028.

15. On June 21, 2019, Defendant Robert Andrews was lawfully operating a 2015 Dodge motor vehicle which, upon information and believed to be owned by the Defendants FBI bearing New York Registration Number: HFJ6277.

16. Defendant, Robert Andrews, was and is an agent, servant and/or employee of the defendant, FBI.

17. At all times hereinafter mentioned, defendant, Robert Andrews, was acting within the course and scope of his employment with defendant, FBI.

18. That at all times herein mentioned defendant, FBI is liable under the doctrine of respondent superior.

## 1st CAUSE OF ACTION

19. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, Robert Andrews, was the operator of the aforesaid motor vehicle bearing New York

State Registration Number HFJ6277.

20.     Upon information and belief, that at all times and places hereinafter mentioned, the defendant, FBI, was the lessee of the aforesaid motor vehicle bearing New York State Registration Number HFJ6277.

21.     Upon information and belief, that at all times and places hereinafter mentioned, the defendant, FBI, was the lessor of the aforesaid motor vehicle bearing New York State Registration Number HFJ6277.

22.     Upon information and belief, that at all times and places hereinafter mentioned, the defendant, FBI, maintained the aforesaid motor vehicle bearing New York State Registration Number HFJ6277.

23.     Upon information and belief, that at all times and places hereinafter mentioned, the defendant, FBI, managed the aforesaid motor vehicle bearing New York State Registration Number HFJ6277.

24.     Upon information and belief, that at all times and places hereinafter mentioned, the defendant, FBI, controlled the aforesaid motor vehicle bearing New York State Registration Number HFJ6277.

25.     Upon information and belief, that at all times and places hereinafter mentioned, the defendant, FBI, repaired the aforesaid motor vehicle bearing New York State Registration Number HFJ6277.

26.     Upon information and belief, that at all times and places hereinafter mentioned, the defendant, FBI, inspected the aforesaid motor vehicle bearing New York State Registration Number HFJ6277.

27.     That on June 21st, 2019, and at all times hereinafter mentioned defendant, Robert

Andrews operated the aforementioned motor vehicle with the express permission of the defendant, FBI.

28. That on June 21st, 2019, and at all times hereinafter mentioned defendant, Robert Andrews operated the aforementioned motor vehicle with the express consent of the defendant, FBI.

29. That on June 21st, 2019, and at all times hereinafter mentioned defendant, Robert Andrews operated the aforementioned motor vehicle with the express knowledge of the defendant, FBI.

30. That on June 21st, 2019, and at all times hereinafter mentioned defendant, Robert Andrews operated the aforementioned motor vehicle with the implied permission of the defendant, FBI.

31. That on June 21st, 2019, and at all times hereinafter mentioned defendant, Robert Andrews operated the aforementioned motor vehicle with the implied consent of the defendant, FBI.

32. That on June 21st, 2019, and at all times hereinafter mentioned defendant, Robert Andrews operated the aforementioned motor vehicle with the implied knowledge of the defendant, FBI.

33. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, Robert Andrews, was the lessee of the aforesaid motor vehicle bearing New York State Registration Number HFJ6277.

34. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, Robert Andrews, was the lessor of the aforesaid motor vehicle bearing New York State Registration Number HFJ6277.

35. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, Robert Andrews, maintained the aforesaid motor vehicle bearing New York State Registration Number HFJ6277.

36. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, Robert Andrews, managed the aforesaid motor vehicle bearing New York State Registration Number HFJ6277.

37. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, Robert Andrews, controlled the aforesaid motor vehicle bearing New York State Registration Number HFJ6277.

38. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, Robert Andrews, repaired the aforesaid motor vehicle bearing New York State Registration Number HFJ6277.

39. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, Robert Andrews, inspected the aforesaid motor vehicle bearing New York State Registration Number HFJ6277.

40. That at all times and places hereinafter mentioned, Eastern Parkway at or near its intersection with Nostrand Avenue, in the County of Kings, City and State of New York, was and still is a public street/highway in common use of the residents of the City and State of New York and others.

41. That on June 21st, 2019, plaintiff, Melvin Taylor, was lawfully and properly operating a motor vehicle at the above-mentioned location.

42. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, Robert Andrews was solely responsible for the proper and prudent operation,

management, maintenance and control of his aforesaid motor vehicle.

43. That on June 21st, 2019, at the aforementioned location, the aforesaid motor vehicle owned by defendant, FBI and operated by defendant, Robert Andrews struck the motor vehicle operated by plaintiff.

44. That on June 21st, 2019, at the aforementioned location, the aforesaid motor vehicle owned by defendant, FBI and operated by defendant, Robert Andrews came into contact with the motor vehicle owned and operated by plaintiff.

45. That on or about June 21st, 2019, at approximately 4:00 PM the subject motor Vehicle owned by defendant, FBI and operated, managed, maintained, controlled, inspected and repaired by defendant, Robert Andrews violently collided and came in contact with a motor vehicle operated, managed, maintained, controlled, inspected and repaired by plaintiff, causing the plaintiff to sustain serious and permanent injuries as hereinafter alleged.

46. That as a result thereof, the plaintiff, was caused to sustain severe and serious injuries.

47. That the aforesaid occurrence was caused by reason of the carelessness, recklessness and negligence of the defendant, Robert Andrews in operation, maintenance, management and control of his aforesaid automobile without any negligence on the part of the plaintiff contributing thereto.

48. That the plaintiff's said injuries and damages were caused by the reckless, carelessness and negligence of the defendant, Robert Andrews in negligent operation of the aforesaid motor vehicle, without any fault of negligence on the part of the plaintiff contributing thereto in any manner, and said injuries are severe and permanent.

49. That as a result of the aforesaid occurrence, the plaintiff, was rendered sick, sore,

lame and disabled and has remained so since the said occurrence. He has sustained nervous shock and continues to suffer mental anguish and great physical pain. He has been compelled to undergo medical aid, treatment and attention and expand money and incur obligations for physicians' services, medical and hospital expenses for the care and treatment of his injuries; and upon information and belief, he will be compelled to expend additional sums of money and incur further obligations in the future for additional physicians' services, medical and hospital expenses for the further care and treatment of his injuries. He has been incapacitated from attending to his usual duties, functions, occupations, vocations and avocations, and in other ways he was damaged, and upon information and belief may be so incapacitated in the future and will suffer pecuniary losses.

50. That the plaintiff, Melvin Taylor, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of Sections 5102 and 5104 of the Insurance Law.

51. Upon information and belief, that this action falls within one or more of the exceptions enunciated in Section 1601 and 1602 of the New York CPLR.

52. That plaintiff is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

53. The plaintiff was caused to sustain and incur medical bills and out-of-pocket expenses in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

## 2nd CAUSE OF ACTION

54. The plaintiff, repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "53" inclusive, of the first cause of action, with the same force and effect, as if more fully set forth herein at length.

55. The defendant, FBI, negligently failed to evaluate, inspect, inquire into and review Robert Andrews driving record prior to hiring / retaining him.

56. The defendant, FBI negligently failed to periodically review and evaluate Robert Andrews driving record prior to hiring / retaining him.

57. The defendant, FBI, negligently failed to train, instruct and supervise Robert Andrews regarding the operation of a motor vehicle.

58. The defendant, FBI, negligently entrusted the aforesaid 2015 Dodge motor vehicle to Robert Andrews.

59. That at all times as stated herein upon information and belief defendant, FBI, negligently entrusted the 2015 Dodge motor vehicle bearing New York State Registration Number HFJ6277 to Robert Andrews in that defendant, FBI possessed special knowledge concerning a characteristic or condition peculiar to Robert Andrews that rendered his use of the vehicle unreasonably dangerous, at the time and place stated herein.

60. The aforesaid occurrence and resulting injuries to the plaintiff due solely to the carelessness, recklessness and negligence of the defendants without any fault or wrongful doing on the part of the plaintiff contributing thereto.

61. The aforesaid occurrence and resulting injuries to plaintiff were due to the carelessness, recklessness and negligence of the defendants.

62. Defendants, their agents, servants, licensees and employees, were negligent,

careless and reckless in the ownership, operation, management, maintenance, repair, supervision, training, inquiry, instruction, entrustment, use and control of the aforesaid vehicle(s) and were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

63. Defendants United States and FBI, their agents, servants, licensees and employees, were negligent, careless and reckless in the hiring, retention, evaluation, supervision, training, inquiry, instruction of Robert Andrews who was unqualified, incompetent, and/or negligent and careless, and were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

64. Defendants United States and FBI, their agents, servants, licensees and employees, were negligent, careless and reckless in the hiring, retention, evaluation, supervision, training, inquiry, instruction of Robert Andrew who was unqualified, incompetent, and/or negligent and careless, and were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

## CLAIM FOR RELIEF
### Federal Tort Claims Act-Negligence

65. Plaintiff re-alleges and incorporates by reference each and every allegation contained above as though fully set forth herein.

66. Under New York Law, to establish negligence, the Plaintiff must show (1) a legal duty to conform to a standard of conduct; (2) a breach of this duty; (3) a causal connection between the conduct and the resulting injury; and (4) damage to the Plaintiff.

67. Defendants and their agents had a duty to ensure that operators of their motor vehicles drive with reasonable care.

68. The acts and omissions alleged herein constitutes a breach of that duty of care with employment.

69. Defendant's and Defendant's employees and agents breached their duty of care which was a direct and proximate cause of the injuries sustained by Plaintiff which required Plaintiff to seek medical intervention.

70. The actions or omissions by federal employees and agents described herein constitute the tort of negligence under the laws of the State of New York.

71. Under the Federal Torts Claims Act, Defendant United States of America and the FBI are liable for these actions or omissions.

## PRAYER FOR RELIEF

72. Plaintiff therefore respectfully requests a judgment against Defendants for damages in an amount to be proven at trial and for such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
       July 5, 2022

LAW OFFICES OF BRYAN BARENBAUM

/s/ Bryan Barenbaum
Bryan Barenbaum, Esq.
Attorneys for Plaintiff
2060 Eastern Parkway
Brooklyn, New York 11207
Phone: (718) 421-1111
Fax: (718) 421-1112

# VERIFICATION

STATE OF NEW YORK )
                            ) ss.:
COUNTY OF KINGS   )

I, the undersigned, being duly sworn depose and say:

I am the Plaintiff in the within action. I have read the foregoing **SUMMONS & COMPLAINT** and know the contents thereof. The content is true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
Melvin Taylor

Sworn to before me this

5 Day of July 2022

_____
Notary Public

ELLEN KOGAN
Commissioner of Deeds
City of New York - No. 211147
Cert. Filed in Kings County
Comm. Expires Aug. 1, 20__